JAMES S. GWIN, District Judge,
concurring.
While I join in the disposition of this case, I write separately to emphasize that I do so because Detective Nichols delayed Colbert for only a few seconds after the drug dog failed to alert and because Nichols had strong reasonable suspicion based on his surveillance of Colbert.
I am troubled by the events of this case. After the drug dog failed to alert, Nichols’s interaction with Colbert was short: a single question about drugs. Likely, the interaction was short only because Colbert gave Nichols the answer he wanted: there was marijuana in the car.
Colbert complied during the traffic stop and Nichols had his chance to investigate. Nichols questioned Colbert about drugs, patted him down, and ran a database check on Colbert’s identification. Nichols’s investigation failed to produce any additional evidence to confirm his suspicions, but Nichols detained Colbert until a drug dog could arrive. After the dog arrived, the officers took him around Colbert’s vehicle. The dog failed to alert. Yet, despite the failure of all of Nichols’s investigative techniques, he once again went back to question Colbert about drugs. And finally, this time, Nichols got the answer he wanted.
When does an officer’s failure to confirm their suspicions transform a Terry stop into an unconstitutional seizure? The Supreme Court has said that “the ultimate *371 touchstone of the Fourth Amendment is ‘reasonableness.’ ” Brigham City, Utah v. Stuart, 547 U.S. 398, 403, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006) (quoting Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)). In other circumstances, if the delay is longer or the suspicion is weaker, I believe the detention becomes unreasonable. But here, Nichols delayed Colbert for only a few seconds after the drug dog failed to alert, and he had reasonable suspicion based on his surveillance of Colbert. For this reason, I join in the disposition of this case.